```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/26/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

STRKE 3 HOLDINGS, LLC,

                             **Plaintiff,**                    22-CV-10691 (AKH)(SN)

                -against-                         **ORDER**

JOHN DOE subscriber assigned IP
address 47.230.66.2,

                             **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff Strike 3 Holdings, LLC alleges that defendant John Doe ("Defendant"), identified only by an alleged Internet Protocol ("IP") address, distributed Plaintiff's copyrighted adult movies in violation of the Copyright Act, 17 U.S.C. § 101, et seq. ECF No. 1. Plaintiff moves for leave to file a third-party subpoena on Defendant's internet service provider ("ISP"), Spectrum, pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. ECF No. 7. Through the subpoena, Plaintiff seeks to identify John Doe's name and address.

      Many judges in this District have already addressed the issues raised in Plaintiff's Motion and granted these applications. See, e.g., Strike 3 Holdings, LLC v. Doe, No. 22-cv-03846 (LAK)(JLC), 2022 WL 1617085 (S.D.N.Y. May 23, 2022); Strike 3 Holdings, LLC v. Doe, No. 20-cv-7919 (LTS)(JLC), 2020 WL 6374645 (S.D.N.Y. Oct. 30, 2020); Malibu Media, LLC v. John Doe, No. 15-cv-7333 (S.D.N.Y. Oct. 8, 2015); Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). This Court similarly concludes that there is good cause to allow expedited discovery in this case.

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." In these circumstances, courts apply a "flexible standard of reasonableness and good cause." Digital Sin, 279 F.R.D. at 241 (quotation omitted). The principal factors courts consider include: "(1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, (2) [the] specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) [the] need for the subpoenaed information to advance the claim, and (5) the [objecting] party's expectation of privacy." Arista Recs., LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (citation omitted).

All of these factors weigh in favor of granting Strike 3's motion. First, Plaintiff has made a *prima facie* showing of infringement, adequately describing its original copyrighted works and providing a detailed analysis of how Defendant copied those works. Compl. ¶¶ 20-46; See also Urbont v. Sony Music Entertainment, 831 F.3d 80, 88 (2d Cir. 2016) ("To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original.") Secondly, Strike 3 has limited the scope of discovery to the name and address of Defendant, which is a "limited and highly specific set of facts." Strike 3 Holdings, LLC v. Doe, No. 18-CV-5586 (LAK) (KNF), 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018). Further, without expedited discovery, Plaintiff will not be able to ascertain the identity of Defendant or to effect service on Defendant. "Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers." Digital Sin, Inc, 279 F.R.D. at 241. Finally, "ISP subscribers have a minimal

expectation of privacy in the sharing of copyrighted material." Malibu Media, LLC v. John Does 1-11, No. 12-CV-3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013).

For the foregoing reasons, Plaintiff's motion is granted. "Consistent with the practice in this District, the Court will also issue a protective order in connection with the subpoena, 'in light of the substantial risk for false positive identifications that could result in annoyance, embarrassment, oppression, or undue burden or expense.'" Strike 3 Holdings, 2020 WL 6374645, at *1 (quoting Rule 26(c)(1)). Accordingly, IT IS HEREBY ORDERED that:

1) Plaintiff may not initiate settlement discussions before service of the Complaint without leave of this Court. Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate therein and settle the case.

2) Strike 3 may serve a Rule 45 subpoena immediately on Spectrum, the ISP identified in its motion, to obtain the name and current and/or permanent address of the John Doe subscriber associated with the IP address 47.230.66.2. Strike 3 shall not request any additional information, including, but not limited to, email address or telephone number. Strike 3 shall include a copy of this Order with the subpoena along with the attached "Notice to Defendant."

3) Spectrum will have 60 days from the date of service of the subpoena to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." Spectrum may serve Defendant using any reasonable means, including written notice sent to the Defendant's last known address, transmitted either by first-class mail or via overnight service;

4) Defendant shall have 60 days from the date of service of the subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. If Defendant decides to contest the subpoena, Defendant shall at the same time notify Spectrum so that it is on notice not to release any of Defendant's contact information to Strike 3 until the Court rules on any such motion;

5) Spectrum shall not turn over Defendant's identifying information to Strike 3 before the expiration of this 60-day period or before the date the Court rules on any motions, whichever is later. Spectrum shall preserve any subpoenaed information pending the resolution of any motion to quash that is filed timely;

6) If neither Defendant nor Spectrum contests the subpoena within the 60-day period, Spectrum shall have 10 days to produce the information responsive to the subpoena to Strike 3; and

7) Any information disclosed to Strike 3 in response to the subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

The Clerk of Court is respectfully directed to close Docket Number 6 and mark it granted.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   January 26, 2023
         New York, New York